Tim Cook
Cook & Associates
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax
tcook@acsalaska.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Pamela Curtice | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| F/V Steven-Daniel *in rem*, and Steve Ally *in personam,* | ) ) ) |
| Defendants. | ) ) |

Case No. :

**COMPLAINT IN ADMIRALTY**

**SEAMAN'S SUIT FOR FAILURE TO PAY WAGES,** *28 U.S.C. § 1916*

**AND BREACH OF** *46 U.S.C. § 10601*

*JURISDICTION*

1. This right honorable court has jurisdiction as this matter sounds in Admiralty, as this is a Seamen's Suit per *28 U.S.C. § 1916,* is both *in rem* and *in personam.*

*PARTIES*

2. Plaintiff Pamela Curtice, was and is, a citizen of the United States and a resident of Valdez, Alaska, at all times relevant to this complaint.

Curtice v. F/V Steven-Daniel et al.
Case No.
Complaint

Case 3:12-cv-00049-HRH-JDR   Document 1   Filed 03/01/12   Page 1 of 5

3. Defendant F/V Steven-Daniel is believed to be a United States Coast Guard documented fishing vessel, #526282, which is home ported in Valdez, Alaska.

4. Defendant Steve Ally, was and is, it is believed, to be a United States citizen and a resident of Valdez, Alaska, at all times relevant to this complaint.

*FACTS*

5. Defendant Steve Ally is the owner of the F/V Steven Daniel.

6. Defendant Steve Ally was, at all times relevant to this Complaint, the master of the F/V Steven Daniel.

7. Plaintiff Pamela Curtice was contracted by Defendant Steve Ally to work as a member of the crew aboard the F/V Steven-Danielin the summer of 2010.

8. Plaintiff Pamela Curtice joined the F/V Steven-Danielin Port Valdez.

9. The contract regarding employment of Plaintiff Pamela Curtice as a member of the crew aboard the F/V Steven-Daniel was oral.

10. The contract regarding employment of Plaintiff Pamela Curtice as a member of the crew aboard the F/V Steven-Daniel was never reduced to writing.

11. The contract regarding employment of Plaintiff Pamela Curtice as a member of the crew aboard the F/V Steven-Daniel called for Plaintiff to be paid on a share basis of the gross value of the catch.

12. The contract regarding employment of Plaintiff Pamela Curtice as a member of the crew aboard the F/V Steven-Daniel was stated to be at least 7% of the gross value of the catch.

13. Plaintiff Pamela Curtice did in fact work as a member of the crew aboard the F/V Steven-Daniel in the summer of 2010.

14. Crew members aboard the F/V Steven Daniels were paid on the basis of the value gross catch of the vessel.

15. There was no ranking of crew members aboard the F/V Steven Daniel.

Curtice v. F/V Steven-Daniel et al.
Case No.
Complaint
Case 3:12-cv-00049-HRH-JDR   Document 1   Filed 03/01/12   Page 2 of 5
Page 2 of 5

16. None of the crew members aboard the F/V Steven-Daniel held Coast Guard endorsements nor had any formal fishing credentials.

17. Plaintiff Pamela Curtice was as equally qualified as any other member of the crew.

18. The highest wage for a crew member signing on board a fishing vessel similar to the F/V Steven-Daniel in Port Valdez is 15% of the gross value of the catch.

19. During the time that Plaintiff Pamela Curtice served aboard the F/V Steven Alley the vessel caught and delivered in excess of 500,000 pounds of salmon.

20. Salmon purchased by processors from the F/V Steven-Daniel were sold by the pound.

21. The price paid per pound for salmon caught and sold by the F/V Steven-Daniel included both an initial or õgroundsö price, as well as retroactive payments paid after the season.

22. The price paid for salmon on a per pound basis (including retroactive payments) caught and sold while Plaintiff Pamela Curtice was a crew person aboard the F/V Steven-Daniel was at least 51.5 cents per pound.

23. The gross value of the catch during the time that Pamela Curtice was a member of the crew of the F/V Steven-Daniel was at least $257,500.

24. Defendants paid Plaintiff Pamela Curtice a total of $8,300 for her share as a member of the F/V Steven Daniel.

### *BREACH OF CONTRACT*

25. Under the oral contract, Plaintiff was due at least $18,025 for her share of the catch aboard the F/V Steven-Daniel for the 2010 season.

26. The Defendants breached the oral contract because they failed, without excuse or justification, to pay Plaintiff Pamela Curtice the money she was due under the terms of the oral contract.

27. Plaintiff Pamela Curtice is owed at least an additional $9,775 under the terms of the oral contract.

Curtice v. F/V Steven-Daniel et al.
Case No.
Complaint

Case 3:12-cv-00049-HRH-JDR   Document 1   Filed 03/01/12   Page 3 of 5

## BREACH OF 46 U.S.C. § 10601 AND

## APPLICATION OF 46 U.S.C. § 11107

28. 46 U.S.C. § 10601, "requires expressly that a seaman's fishing agreement be "in writing" and be signed by the vessel master."[1]

29. "An agreement that violates either of these requirements will trigger the application of 46 U.S.C. § 11107."[2]

30. 46 U.S.C. § 11107 "provides that [a]n engagement of a seaman contrary to a law of the United States is void. A seaman so engaged may leave the service of the vessel at any time and is entitled to recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher."[3]

31. Plaintiff Pamela Curtice is entitled to the highest rate of wages for a seaman at Port Valdez, i.e. 15% of the gross value of the catch

32. Therefore, Pamela Curtis is entitled to at least an additional $30,325.00 per 46 U.S.C. § 11107.

## PUNITIVE DAMAGES

33. "[F]ederal courts sitting in admiralty have the power, at least in some circumstances, to award common-law punitive damages to supplement statutory remedies."[4]

---

[1] **Flores v. American Seafoods Co., 335 F.3d 904 at 912, (9th Cir. 2003), and see Borkowski v. F/V MADISON KATE, 599 F.3d 57 (1st Cir. 2010)**

[2] Id.
[3] Id.
[4] Browski at 61 citing *Atlantic Sounding Co., Inc. v. Townsend,* 129 S.Ct. 2561, 2567, 174 L.Ed.2d 382 (2009); *Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605, 2619-21, 171 L.Ed.2d 570 (2008)

Curtice v. F/V Steven-Daniel et al.
Case No.
Complaint

34. The acts of Defendants in failing to pay the agreed to share is outrageous, gross negligence, willful, wanton, or is in reckless indifference for the rights of Plaintiff Pamela Curtice.

35. Therefore, Plaintiff is entitled to punitive damages as may be determined by the court.

### *PRAYER FOR RELIEF*

*WHEREFORE Plaintiffs pray for judgment as follows:*

36. For actual damages of at least $30,325, and statutory, incidental and consequential damages, according to proof at trial;

37. For equitable relief as the court deems just and proper under the circumstances;

38. For punitive damages as the Court may award;

39. For pre- and post-judgment interest;

40. For attorney's fees and costs of suit incurred herein;

41. For an injunction on the transfer of any Limited Entry fishing permits during pendency of this matter;

42. For such other and further relief as the court deems just and proper under the circumstances.

Dated this 27th day of February 2012.

*s/ Tim Cook*
_____
Tim Cook, Alaska Bar Card No. 9007048

Curtice v. F/V Steven-Daniel et al.
Case No.
Complaint

Case 3:12-cv-00049-HRH-JDR   Document 1   Filed 03/01/12   Page 5 of 5